| CIRCUIT COURT | (CHANCERY / CIRCUIT) COURT OF TENNESSEE | CHANCERY COURT |
|---|---|---|
| 140 ADAMS AVE. ROOM 224 MEMPHIS, TN 38103 | FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS SUMMONS IN CIVIL ACTION | 140 ADAMS AVE. ROOM 308 MEMPHIS, TN 38103 |

NO **CT-001875-07** D. **7**    AD DAMUM $ \_\_\_\_\_ AUTO ☐ OTHER ☒

**Eric Waddell**     **6473 Carraway, Apt 202 mphs,**

_____  Home Address

PLAINTIFF     Business Address

vs.

**Nationwide General Insurance Co.**     **One Nationwide Plaza Columbus, OH 43215**

Home Address

DEFENDANT     Business Address

TO THE DEFENDANT(S): **Nationwide General Insurance Co.**

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Paul J. Springer**, Plaintiff's attorney, whose address is **301 Washington, Ste 302** within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

**KENNY ARMSTRONG**, CLERK & MASTER     **JIMMY MOORE**, Clerk

BY _____, D.C.     BY _____, D.C.

TESTED AND ISSUED **4/9**, 20 **08**

### TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980 you are hereby given the following notice:
Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt, with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filled before the judgment becomes final, it will not become effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include: items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.

Witness My Hand this **9th** Day of **April**, 20 **08**

Certification when applicable

I, Jimmy Moore, Clerk of the Circuit Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____.

Surety

**JIMMY MOORE**, Clerk
By: _____ D.C.

## RETURN ON SERVICE OF SUMMONS

**I HEREBY CERTIFY THAT I HAVE SERVICE THE WITHIN SUMMONS:**

By delivering on the _____ day of _____, 20 ___ at _____ M. a copy of the summons and a copy of the Complaint to the following defendants_____

_____

Mark Luttrell, Sheriff

By_____
Deputy Sheriff

## PRIVATE PROCESS SERVER

**I HEREBY CERTIFY THAT I HAVE SERVICE THE WITHIN SUMMONS:**

By delivering on the _____ day of _____, 20 ___ at _____ M. a copy of the summons and a copy of the Complaint to the following defendants_____

_____

(PLEASE PRINT THE FOLLOWING)

_____
Private Process Server

_____
Address

_____
Phone

_____
Company

_____
Signature

Other manner of service: _____

_____

I hereby certify that I have NOT served this Summons on the within named defendant(s) _____ because _____ is (are) not to be found in this County after diligent search and inquiry for the following reasons: _____
This _____ day of _____, 20 _____.

Mark Luttrell, Sheriff

By _____
Deputy Sheriff

---

No. CT-001875-07

IN THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**SUMMONS IN CIVIL ACTION**

Eric Waddell
Plaintiff

vs

Nationwide General Insurance Co.
Defendant

Came to hand _____

Paul J. Springer
Attorney for Plaintiff

Tel. No. (90) 528-6391

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT
AT MEMPHIS

| | | |
|---|---|---|
| ERIC WADDELL, | ) | |
| Plaintiff, | ) | |
| vs | ) | No. CT- 001575-07 |
| NATIONWIDE GENERAL INSURANCE COMPANY | ) | Div VII |
| Defendant. | ) | |

## COMPLAINT

Comes now the Plaintiff, Eric Waddell (hereinafter "Plaintiff"), and for cause of action would show the following:

1. Plaintiff, Eric Waddell, is and at all times pertinent herein, has been, a resident citizen of Memphis, Shelby County, Tennessee.

2. Defendant, Nationwide General Insurance Company (hereinafter "Nationwide") is an insurance company transacting business in the State of Tennessee, sometimes by or through its subsidiaries or affiliates.

3. The facts and occurrences hereinafter set forth took place in Memphis, Shelby County, Tennessee.

### FACTS

3. On or about January 13, 2007, plaintiff's 2003 Isuzu Axiom was stolen from his home. Plaintiff immediately contacted the Bartlett Police Department and reported the vehicle stolen. Shortly after reporting the vehicle stolen, plaintiff was notified that the vehicle had been recovered.

Plaintiff was further advised that the vehicle had be wrecked and abandoned. On or about January 14, 2007, plaintiff contacted Nationwide, the insurance carrier for the vehicle, and advised of the circumstances. On or about January 16, 2007, plaintiff rented a vehicle from Enterprise Car Rental, for the purpose of travel to and from work.

On or about January 23, 2007, Plaintiff was advised that someone from Nationwide would be coming to inspect the vehicle for the purpose of preparing an estimate for the cost of repairing the vehicle. Sometime between prior to January 23, 2007, plaintiff discovered that his stepson had in fact taken the car without permission and was responsible for wrecking and abandoning the vehicle. However, plaintiff did not immediately inform the insurance adjuster of this fact. However, when plaintiff spoke with the adjuster with Nationwide on January 29, 2007, plaintiff advised the adjuster that his stepson was responsible for stealing the vehicle and wrecking it. Plaintiff provided Nationwide with all information known to plaintiff at that time regarding the theft.

However, on February 6, 2007, Nationwide refused to pay the claim for property damage alleging that plaintiff was guilty of fraud or misrepresentation when he failed to disclose that he had learned sometime after the accident that his stepson was responsible for the theft and the damages.

## BAD FAITH REFUSAL TO PAY LOSS

4. Plaintiff alleges that the Defendant is guilty of a "bad faith refusal to pay loss pursuant to Tennessee Code Annotated §56-7-105, to wit:

(a) The plaintiff made demand for payment on Monday, January 15, 2007;

(b) That plaintiff provided all pertinent information to Nationwide by January 29, 2007;

(c) That plaintiff has been forced to incur additional expenses as a result of not having the claim paid promptly, including but not limited to: rental car fees, attorney's fees, cost of

litigation, time loss from work;

(d) That defendant, Nationwide, was aware that it was required to pay for the damages to plaintiff's vehicle pursuant to their contract;

(e) That defendant, Nationwide, has no factual or legal basis for refusing to pay the claim;

(f) That defendant, Nationwide has continued to refuse to pay the claim.

## CONSUMER PROTECTION ACT

5. Plaintiff alleges that defendant, Nationwide knew or had reason to know that they were responsible for covering the damage to plaintiff's vehicle. Plaintiff was not in the state of Tennessee at the time the vehicle was stolen, plaintiff filed a timely police report, and plaintiff only learned that his stepson had stolen the vehicle after reporting the vehicle stolen. Furthermore, under the contract, Nationwide would be responsible for the damages to plaintiff's vehicle. Therefore, defendant, Nationwide's refusal to pay for the damage to plaintiff vehicle is unfair and deceptive attempt to avoid liability in violation of T.C.A. §47-18-104.

## DAMAGES

7. Plaintiff alleges that as a direct and proximate result of the bad faith refusal to pay for the damage to his vehicle and the violation of the Consumer Protection Act, he was caused to suffer and incur the following damages, including but not limited to:

(a) Lost wages;

(b) Expenses for use of rental car;

(c) Loss of use of his vehicle;

(d) Physical and mental anguish;

(e) Litigation costs;

(f) Attorneys fees.

## RELIEF SOUGHT

**WHEREFORE,** Plaintiff prays for judgment against Defendants, as follows:

1. Compensatory damages in an amount deemed appropriate by the jury for the bad faith refusal to pay loss pursuant to T.C.A. §56-7-105.

2. Compensatory damages in an amount deemed appropriate by the jury loss of use of his vehicle and inconvenience.

3. Compensatory damages in an amount deemed appropriate by the jury for physical and mental anguish.

4. Treble damages pursuant to the Consumer Protection Act §47-18-109(3).

5. Punitive damages in an amount deemed appropriate by the jury.

6. Reasonable attorney's fees, cost of litigation and expenses.

7. Such other and further relief as is consistent with law, fairness and equity and respectfully pray for a trial by jury on all issues of fact.

Respectfully Submitted,

Paul J. Springer (#021267)
Attorney for the Plaintiff
100 North Main Bldg., 3015
Memphis, TN 38103
Phone (901) 528-8391
Fax    (901) 528-8393